IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHAROLYN RODRIGUES-WONG and CHRISTOPHER FONTANILLA,<br><br>            Plaintiffs,<br><br>      vs.<br><br>CITY AND COUNTY OF HONOLULU, HONOLULU POLICE DEPARTMENT, JOHN DOES 1-20 and DOE ENTITIES 1-20,<br><br>            Defendants.<br>_____ | CIVIL NO. 08-00520 LEK |

### ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT

Before the Court is Plaintiffs Sharolyn Rodrigues-Wong and Christopher Fontanilla's ("Plaintiffs") Motion to Amend Complaint ("Motion"), filed on January 27, 2009.  Defendant Honolulu Police Department, City and County of Honolulu ("Defendant") filed its memorandum in opposition on February 12, 2009.  This matter came on for hearing on March 2, 2009.  Appearing on behalf of Plaintiffs was Venetia Carpenter-Asui, Esq., and appearing on behalf of Defendant was Tracy Fukui, Esq. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED for the reasons set forth below.

### BACKGROUND

On February 13, 2006, Alan Rivers, Sheryl Sunia, and Sharolyn Rodrigues-Wong, originally filed an employment

discrimination complaint in <u>Rivers, et al. v. Honolulu Police Dep't</u>, CV 06-00090 SPK-LEK ("CV 06-0090").  The complaint alleged separate acts of discrimination and retaliation on behalf of each plaintiff.  Their April 26, 2006 First Amended Complaint added Christopher Fontanilla, as a plaintiff,[1] was all several individual defendants, who have since been dismissed with prejudice.  The plaintiffs filed a Second Amended Complaint on April 26, 2006, and a Third Amended Complaint on July 19, 2007.

The original trial date for CV 06-00090 was October 23, 2007, and the deadline to add parties and amend pleadings was March 23, 2007.  After the plaintiffs filed the Third Amended Complaint, the trial was reset for August 12, 2008.  The dispositive motions deadline was March 12, 2008.  This Court did not reopen the deadline to add parties and amend pleadings.

On July 22, 2008, the district judge continued the trial until September 29, 2008 and extended the discovery deadline to September 5, 2008.  On September 12, 2008, the district judge approved the parties' stipulation to continue the trial date.  The trial was continued until November 12, 2008 and the discovery deadline was continued until October 10, 2008.

On November 3, 2008, the district judge trifurcated CV 06-00090 and dismissed the Third Amended Complaint.  He gave the

---

[1] Fontanilla alleges that he witnessed Rodrigues-Wong being sexually harassed at the work place and that he was retaliated against because he reported the harassment to a supervisor.

three sets of plaintiffs (Rivers, Sunia, and Rodrigues-Wong with Fontanilla) twenty-one days to file their respective amended complaints.  They were not given leave to alter their previously alleged claims except that "[e]ach new complaint shall omit unnecessary detail and shall be based upon each Plaintiff's (or Plaintiffs' – as with Rodrigues-Wong and Fontanilla) separate claims."  [Order Trifurcating Case, Dismissing Third-Amended Complaint, & Granting 21-Days Leave to File Amended Complaints, filed 11/3/08 (dkt. no. 154), at 5.]

Plaintiffs filed their Complaint in the instant action on November 19, 2008.  The Complaint alleges a state and federal gender discrimination claim on behalf of Rodrigues-Wong, as well as a state and federal retaliation claim and an intentional infliction of emotional distress claim on behalf of both Plaintiffs.  This Court's December 18, 2008 Rule 16 Scheduling Order set a September 22, 2009 trial date before the district judge.[2]  It noted that all pretrial deadlines were closed.  This Court, however, subsequently reopened the dispositive motions deadline, which is now set for April 22, 2009.

In the instant Motion, Plaintiffs seek to add an allegation that, between May 2007 and August 28, 2007, Detective Tara Amuimuia demanded access to Rodrigues-Wong's personnel file

---

[2] On December 22, 2008, the district judge approved the parties' consent to proceed before a United States Magistrate Judge.  This Court, however, has not altered the trial date.

at her part-time job at Crabtree and Evelyn, tampered with its contents, and told Crabtree and Evelyn about Internal Affairs investigations against Rodrigues-Wong.  Plaintiffs allege that this caused Rodrigues-Wong to be fired from her job and seek to add a new claim of intentional interference with economic relations.[3]

       Plaintiffs argue that leave to amend is warranted under Federal Rule of Civil Procedure 15(a).  They also argue that delay alone, or the mere fact that a defendant will have to conduct more discovery, is not sufficient to deny leave to amend.  Plaintiffs argue that they could not amend their complaint earlier because, when Plaintiff was fired on August 28, 2007, the CV 06-00090 plaintiffs had just filed their Third Amended Complaint and trial was set for October 23, 2007.  Although the trial date was thereafter continued twice, Plaintiffs did not have enough time to move for leave to amend.  Plaintiffs argue that, in light of the trifurcation and the new September 22, 2009 trial date, there would be enough time to accommodate the new claim.  Plaintiffs argue that there is no prejudice because Defendant has already been given another opportunity to file

---

[3] The Court notes that the Motion suggests that Plaintiffs also allege that the incident is another form of retaliation against Rodrigues-Wong.  During the hearing on the Motion, however, Plaintiffs' counsel clarified that they were not asserting that the incident constituted retaliation and that they only seek to add the interference with economic relations claim.

dispositive motions and defense counsel has already questioned Rodrigues-Wong about this incident during her deposition.

In its memorandum in opposition, Defendant argues that the Court should deny the Motion because Plaintiffs unduly delayed in bringing the new claims. The facts which form the basis for the claims occurred between May and August 28, 2007. Plaintiffs therefore knew about these facts for over a year before the filing of the Complaint in the instant case and Plaintiffs do not provide any explanation for the delay.

Defendant also argues that the claims are futile. Plaintiffs allege that Rodrigues-Wong reported the alleged sexual harassment on October 13, 2004. The new alleged adverse employment action, which occurred between May and August 28, 2007, is too attenuated from the protected conduct to establish retaliation. In addition, Defendant notes that it is unclear whether Rodrigues-Wong exhausted her administrative remedies with respect to the new retaliation claim.

Finally, Defendant argues that it would be prejudiced by the new claims because adding unrelated employment actions may confuse the jury. In addition, the discovery deadline has already passed. Defense counsel did ask Rodrigues-Wong some questions about the incident during her deposition, but counsel was not aware that there would be a claim based on those facts. Further, the proposed interference with economic relations claim

has substantially different elements than any of the existing claims and was not addressed during the deposition.  Defendant contends that the new economic relations claim would require much more discovery than merely asking Rodrigues-Wong a few more questions.

## DISCUSSION

Insofar as the deadline to add parties and amend pleadings has already passed, Plaintiffs must obtain an amendment of this Court's scheduling order before the Court will consider whether to grant them leave to amend their Complaint.  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).  Prejudice to the non-moving party may serve as an additional reason to deny the motion, but the lack of prejudice to the non-moving party does not justify granting the motion if the moving party was not diligent. See Johnson, 975 F.2d at 609.  Thus, Plaintiffs must first show "good cause" for

the amendment under Rule 16(b), then they must establish that amendment is appropriate under Federal Rule of Civil Procedure 15(a).  See id. at 608.

Plaintiffs' new claim is based on the allegation that Detective Amuimuia's actions caused Rodrigues-Wong to lose her job at Crabtree and Evelyn on August 28, 2007.  Plaintiffs do not allege that they recently learned the reason why Rodrigues-Wong lost her job.  In fact, the Motion and counsel's argument at the hearing on the Motion appear to concede that Rodrigues-Wong was aware of the reason at the time she was fired.  Plaintiffs state that, when Rodrigues-Wong was fired, counsel did not believe that there was time to file a motion for leave to amend their complaint because of the impending trial date.

Rodrigues-Wong, however, was fired on August 28, 2007.  Although at one time, CV 06-00090 had an October 23, 2007 trial date, on August 1, 2007, this Court held a status conference regarding the trial date and issued a new August 12, 2008 trial date.  This Court filed its Amended Rule 16 Scheduling Order on August 10, 2007.  Thus, by the time Rodrigues-Wong lost her job at Crabtree and Evelyn, Plaintiffs knew that trial was almost a year away.  Although the deadline to amend pleadings was closed, the non-dispositive motions deadline was May 14, 2008 and the discovery deadline was June 13, 2008.  Plaintiffs had sufficient time to move to amend their complaint pursuant to Rules 16 and

15.  This Court therefore finds that Plaintiffs were not diligent in pursuing the new interference with economic relations claim.

Further, insofar as Plaintiffs concede that the new claim is a separate tort claim apart from the discrimination and retaliation claims which form the original bases of this action, it is more appropriately the subject of a separate action.  It also appears that Rodrigues-Wong is within the statute of limitations and would be able to bring the claim in a separate action.  Thus, she is not left without a remedy.  This Court therefore finds that Plaintiffs have not established good cause to amend this Court's scheduling order.

## **CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion to Amend Complaint, filed January 27, 2009, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 5, 2009.



 /S/ Leslie E. Kobayashi  
Leslie E. Kobayashi  
United States Magistrate Judge

**SHAROLYN RODRIGUES-WONG, ET AL. V. CITY AND COUNTY OF HONOLULU, ET AL; CIVIL NO. 08-00520 LEK; ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT**